**PANY OF DELAWARE, INC., a corporation of the State of Delaware, Plaintiff,**

**v.**

**Crawford J. CARROLL et al., Defendants.**

**REALTY REGISTER, INC., a corporation of the State of Delaware, Plaintiff,**

**v.**

**Crawford J. CARROLL et al., Defendants.**

Superior Court of Delaware,
Kent.

Nov. 1, 1972.

R. Brandon Jones, Jr., Dover, for Pany of Delaware.

William S. Hudson, Dover, for Realty Register, Inc.

Nicholas H. Rodriguez, Schmittinger & Rodriguez, Dover, for defendants.

QUILLEN, Judge.

This is a motion to strike certain portions of the record returned in response to a petition for certiorari in two cases involving tax assessments by the City of Dover.

It is claimed that the City of Dover in determining these assessment appeals relied on information which was never introduced in evidence at either the three member council committee hearing or the full council hearing and consequently the taxpayers never had a chance to rebut the evidence which supported the assessment established. The City does not dispute the allegation that parts of the record were not actually received below.

It should be noted initially that the Dover City Charter, Section 47,[1] is ambiguous as to the precise nature of appeal proceedings both before the three member committee of council and the full council. On its face, it does not expressly require disclosure of all facts which are to be relied upon by the councilmen. Evidently, there is law to the effect that such disclosure is unnecessary. 84 C.J.S. Taxation § 537d. There are other taxing statutes in this state, however, which are quite specific on evidence and record requirements. See, for example, the Wilmington statute in *Fitzsimmons v. McCorkle*, Del.Supr., 214 A.2d 334, 336, ftnt. 3 (1965). The *Fitzsimmons* decision demonstrates that under such specific statutes there is a clear burden for the municipality to submit its evidence once the taxpayer's evidence of substantial overevaluation has overcome the prima facie case of accuracy made by the assessment record.

The petitioners claim the action of the City violates procedural due process. The City denies this claim and relies on the power of an administrative body to take official notice of its own records.

While the instant question arises on a procedural motion to strike, the

1. Section 47 reads in part:
   "Council may direct that appeals from any general assessment shall be heard by a committee of not less than three councilmen appointed by the Mayor. Such a committee of councilmen shall sit at a stated place and time to hear the appeals of all taxpayers dissatisfied with the assessment of their properties, shall collect such information as they deem proper and shall report their findings and recommendations to a meeting of full Council. At the said meeting of the full Council the recommendations of the committee shall be received, together with such other information as the Council shall permit or require, and each appealing taxpayer may be heard in behalf of his appeal. The Council shall have full power to correct, revise, alter, add to, deduct and take from the assessment. The decision of a majority of the councilmen sitting shall be final and conclusive, provided that no councilman shall vote on his own appeal."

**564** ■

broader issue relates to the nature of the administrative tax procedure under the Dover charter. The taxing power is perhaps the greatest power outside the criminal law exercised by government over the people. It is incumbent that government exercise such great power with utmost fairness and that citizens acting individually or as legal corporate entities, have full recourse to be heard when they feel they are being treated unjustly. I assume that the legislature intended that the opportunity for citizens to be heard on tax assessment complaints pursuant to the Dover charter would be in a full and complete hearing and not necessarily governed by the minimum permissible Constitutional standard for administrative proceedings. This is especially true since the determination of the Dover City Council is final and conclusive.

■ I therefore basically agree with the position taken by the petitioners as to the proper method of conducting the City Council hearing. I do not, however, base my decision on procedural due process. Rather, I think the statutory charter right that "each appealing taxpayer may be heard in behalf of his appeal" taken with the authority of City Council to receive "such other information as the Council shall permit or require" means that a full administrative proceeding before the full council should be conducted. In short, the following procedure should be followed. The assessment is presented along with the committee recommendations. The taxpayer should be permitted to present his case. If the taxpayer's case rebuts the assessment by showing a substantial over-evaluation, the Council, unless the taxpayer's evidence is accepted without contest, should then hear the evidence which supports the assessment. The taxpayer should then be given a chance to rebut the evidence in support of the assessment. If these steps of elementary fairness are not followed, it is difficult to say a taxpayer has had his statutory right to be heard. These steps do not change the standard that the rules of evidence do not strictly apply to administrative proceedings.

■ The information which the petitioners are attempting to strike could have been properly received by City Council if the above steps were followed. But it would certainly be improper for this Court on certiorari to strike such information and blindly accept, as requested, the evidence of the taxpayers and order a new assessment. The motion to strike is therefore denied. It is so ordered.

I note the instant motion is a preliminary procedural one. If there are no other issues to be argued on certiorari, however, it may be appropriate to immediately enter an order remanding this case to City Council for further action in conformity with this opinion. The petitioners may, on notice, submit such an order if appropriate.